UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 14 CV 1748 MDL No. 2545 |
| **This Document Relates To:** *Jeffrey Konrad v. AbbVie Inc.et al.*, Case No. 1:15-cv-00966 | |

## ABBVIE DEFENDANTS' NOTICE OF AFFIRMATIVE DEFENSES

Defendants AbbVie Inc. and Abbott Laboratories,[1] (collectively "AbbVie"), by and through their attorneys, and in accordance with paragraph 10 of Case Management Order No. 20, hereby provide this Notice of Affirmative Defenses. By asserting these affirmative defenses, AbbVie does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these matters.

1. Plaintiff's claims may be barred by the doctrine(s) contained in Restatement (Second) of Torts § 402A, and comments thereto, including but not limited to comments j and k, and/or Restatement (Third) of Torts: Products Liability §§ 2, 4 and 6 and comments thereto.

2. Plaintiff's claims may be barred, in whole or in part, by the learned intermediary or informed intermediary doctrine.

3. With respect to any claims for breach of express or implied warranty, Plaintiff lacks the requisite privity with AbbVie to sustain such claims.

---

[1] AbbVie was established at the beginning of 2013 as an independent, publicly traded company from the research-based pharmaceutical business of codefendant Abbott Laboratories, which no longer sells AndroGel in the United States.

4. With respect to any claims for breach of express or implied warranty, such claims are barred because Plaintiff did not give AbbVie adequate notice of any alleged breach of warranty, express or implied.

5. Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, estoppel, release, or statutory and regulatory compliance.

6. Plaintiff's damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by Plaintiff as a result of any insurance or other health benefits plan, or any amounts paid by any insurance or other health benefits plan.

7. Plaintiff's claims may be barred, in whole or in part, by the doctrine of assumption of risk.

8. Plaintiff's claims may be barred, in whole or in part, by the doctrines of comparative fault or contributory negligence.

9. Plaintiff's damages, if any, may be limited, in whole or in part, by Plaintiff's failure to mitigate.

10. Plaintiff's claims are barred, in whole or in part, because AndroGel is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by the FDA to implement the FDCA, with the purposes and objectives of the FDCA and the FDA's implementing regulations, and with determinations by the FDA specifying the language that should be used in the labeling accompanying AndroGel. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

11. To the extent Plaintiff's claims related to AbbVie's advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the constitutions of any applicable state, such claims are barred.

12. To the extent Plaintiff asserts claims that depend solely on violations of federal law, including claims of a "fraud on the FDA" with respect to AbbVie's disclosure of information related to the safety of AndroGel, such claims are preempted, barred and should be dismissed. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

13. Plaintiff's claims may be barred to the extent that the product conformed with the state of the art at the time the product was first sold by Defendants.

14. Plaintiff's claims may be barred to the extent that counts in the Complaint are not cognizable under applicable state laws.

15. Plaintiff's damages may be limited to the extent that punitive damages are capped under Tennessee law. Tenn. Code Ann. § 29-39-104.

16. Plaintiff's damages may be limited to the extent that non-economic damages are capped under Tennessee law. Tenn. Code Ann. § 29-39-102.

17. Under Tennessee law, Plaintiff's claims may be barred by the rebuttable presumption that a product is free from any defect where the product was in conformity with government standards. Tenn. Code Ann. § 29-28-104.

18. Plaintiff's claims may be barred, in whole or in part, by applicable statutes of limitations and/or repose.

Respectfully submitted,

Dated: November 2, 2016
/s/  *David M. Bernick*
David M. Bernick
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3405
Fax: (212) 492-0405
dbernick@paulweiss.com

*Attorneys for AbbVie Inc.*

Hope S. Freiwald
**DECHERT LLP**
Cira Center
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2514
Fax: (215) 994-2222
hope.freiwald@dechert.com

*Attorneys for AbbVie Inc. and Abbott Laboratories*

## CERTIFICATE OF SERVICE

I, Katherine Unger Davis, hereby certify that on November 2, 2016, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notifications of such filing to all registered attorneys of record.

*/s/ Katherine Unger Davis*