**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| | Master Docket Case No. 1:14-cv-01748 |
| | Honorable Matthew F. Kennelly |
| This document relates to: *Konrad v. AbbVie Inc.*, No. 1:15-cv-00966 | |

<u>**JOINT SUBMISSION OF PROPOSED PRELIMINARY JURY INSTRUCTIONS**</u>

**I.**     ***Agreed Proposed Preliminary Jury Instructions:*** None. Although the parties met and conferred regarding these proposed preliminary jury instructions, they were not able to reach agreement. These submissions do not waive any objections a party has to any instruction submitted by the opposing party. AbbVie did not submit general instructions as it did not understand the Court to require them at this time.  Below are Plaintiffs' 25 proposed preliminary jury instructions and Defendants' 16 proposed preliminary jury instructions. The underlined portions of AbbVie's proposed preliminary jury instructions indicate where AbbVie's instructions differ from the pattern instructions.

**II.**     ***Proposed Instructions***

***Plaintiffs' Proposed Preliminary Jury Instruction No. 1:***

*Introduction*

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of

the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

### Plaintiffs' Proposed Preliminary Jury Instruction No. 2:

*Order of Trial*

The trial will proceed in the following manner:

First, Mr. and Mrs. Konrad's attorney may make an opening statement. Next, the attorney for Defendants AbbVie Inc. and Abbott Laboratories (together referred to as, "AbbVie") may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

When I refer to AbbVie, I am referring to all of the manufacturers and sellers of AndroGel in the United States. Among other names you may hear during the trial are those of Unimed Pharmaceuticals, Inc., which is the company that first developed AndroGel for sale in the United States, Solvay Pharmaceuticals, Inc., which is a company that acquired Unimed Pharmaceuticals

and sold AndroGel from 2000 until 2010, when Solvay Pharmaceuticals was, in turn, acquired by Abbott Laboratories, which spun off certain of its businesses to create AbbVie in 2013. However, for purposes of this trial AbbVie is legally responsible for the acts and omissions of these predecessor companies and at all times for the product AndroGel.

After the opening statements, Mr. and Mrs. Konrad will call witnesses and present evidence. Then, AbbVie will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Mr. and Mrs. Konrad may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix) (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 3:**

*Plaintiffs' Claims*

The positions of the parties can be summarized as follows:

Jeffrey Konrad and his wife Jana Konrad have brought this lawsuit against AbbVie for personal injuries caused by AbbVie's prescription testosterone drug, called "AndroGel." In May 2010, Mr. Konrad was prescribed AndroGel by his family physician. Approximately two months later, while taking AndroGel, Mr. Konrad suffered a heart attack. Mr. and Mrs. Konrad allege that

AndroGel was unreasonably dangerous, and that AbbVie misrepresented that AndroGel was a safe and effective treatment for the symptoms for which Mr. Konrad sought treatment. Plaintiffs further allege that AbbVie failed to warn of the dangers of AndroGel that it knew or should have known about. Plaintiffs allege that Defendant's conduct, and its drug AndroGel, were a cause of Mr. Konrad's heart attack. Mr. and Mrs. Konrad seek compensatory damages for their injuries and losses, and punitive damages arising out of the Defendant's wrongful conduct.

Mr. Konrad states five grounds for this action: (i) strict liability; (ii) negligence; (iii) misrepresentation; (iv) breach of the implied warranty of merchantability; and (v) fraud. To prove his claims, Plaintiff will have to prove, by a preponderance of the evidence the elements of these claims. Mrs. Konrad states a claim for loss of consortium.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix) (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 4:**

*Strict Liability – Unreasonably Dangerous*

Mr. Konrad has made a claim of strict liability for an unreasonably dangerous product. In order to establish this claim, Mr. Konrad must prove the following elements by a preponderance of the evidence:

    a. AbbVie was engaged in the business of selling AndroGel;

    b. The product was unreasonably dangerous;

    c. The product was expected to and did reach Mr. Konrad without substantial change in its condition in which it was sold; and

d. The product was a cause in fact and legal cause of harm to Mr. Konrad.

A product is unreasonably dangerous if it is more dangerous than would be reasonably expected by the ordinary consumer or would not be offered for sale by a reasonably careful manufacturer or seller who knew of its dangerous condition at the time it left the control of the manufacturer or seller. An ordinary consumer is a consumer who purchases or uses the product with the ordinary knowledge common to the community as to its characteristics.

*Source*: Committee on Pattern Jury Instructions (Civil) of the Tennessee Judicial Conference, *Tennessee Pattern Jury Instructions, Civil* §10.01 Strict Liability (16th ed. Sept. 2016) ("T.P.I. – CIVIL") (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**AbbVie's Proposed Preliminary Jury Instruction No. 1:**

**STRICT LIABILITY—DESIGN DEFECT**

The plaintiff claims he was physically harmed by a product sold by the defendant. One who manufactures or sells a defective or unreasonably dangerous product is responsible to the ultimate consumer of the product for physical harm caused to the consumer or the consumer's property if:

1. The seller is engaged in the business of selling such a product; and

2. It is expected to and does reach the user or consumer without substantial change in the condition in which it was sold.

A product is defective if it is unsafe for normal or reasonably anticipated handling and use.

A product is unreasonably dangerous if it is more dangerous than would be reasonably expected by the ordinary consumer or would not be offered for sale by a reasonably careful seller who knew of its dangerous condition.

There are some products which, in the present state of human knowledge, are quite incapable of being made safe for their intended and ordinary use. These are especially common in the field of drugs. Such a product, properly prepared, and accompanied by proper directions and warning, is not defective, nor is it *unreasonably* dangerous. The seller of such products, with the qualification that they are properly prepared and marketed, and proper warning is given, where the situation calls for it, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 10.01 (revised, in part according to Comments to Instruction No. 10.01); *Rodriguez* v. *Stryker Corp.*, 2011 WL 31462, at *6 (M.D. Tenn. Jan. 5, 2011).


### *AbbVie's Proposed Preliminary Jury Instruction No. 2:*

## STRICT LIABILITY—ADEQUACY OF WARNING

When proper instructions for use and an adequate warning of hazards are given, the seller may reasonably assume that they will be read and followed. Thus, a product is not in a defective condition, nor is it unreasonably dangerous if:

1. The manufacturer or seller has given proper instructions for the use of a product and an adequate warning of the dangers associated with the use or misuse of the product; and

2. The product is safe for use if the instructions and warning are read and followed.

Adequate and proper instructions establish procedures for efficient use and for avoiding danger. An adequate warning is one calculated to call to the attention of a reasonably careful person the nature and extent of the danger involved in using or misusing the product.

Warnings should be given to the physician, and not the consumer.

In order to recover for failure to warn, a plaintiff must show:

1. That the defendant failed to warn the physician of a risk associated with the use of the product not otherwise known to the physician; and

2. That the failure to warn the physician was both a cause in fact and legal cause of the plaintiff's injury.

Once a warning has been given to the prescribing doctor it is for the doctor to use her or his judgment in weighing the relative benefits and risks of the drug for the particular patient. If you find that adequate warning was not given, but that the prescribing doctor would have treated the plaintiff the same even with adequate warning, then the plaintiff has failed to meet his or her burden of proof on causation.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 10.02 (revised according to Comment to Instruction No. 10.02).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 5:**

*Negligence*

Mr. Konrad has also made a claim for negligence against AbbVie. Negligence is the failure to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under all the circumstances of the case. This claim requires Mr. Konrad to prove each of the following by a preponderance of the evidence:

> e. a duty of care owed by defendant to plaintiff;
>
> f. conduct below the applicable standard of care that amounts to a breach of that duty;
>
> g. an injury or loss;
>
> h. cause in fact; and
>
> i. legal cause.

The manufacturer of a product has a duty to use reasonable care in designing, manufacturing, testing and inspecting the product so that the product may be safely used in the manner and for the purpose for which it was made.

*Source*: *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (negligence); T.P.I. – CIVIL § 3.01 Determination of Whether Plaintiff Entitled Recover a Verdict (No Issue of Comparative Fault) (modified); T.P.I. – CIVIL § 10.10 Manufacturer's Duty of Care (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**AbbVie's Proposed Preliminary Jury Instruction No. 3:**

The plaintiff has made a claim for negligence against the defendant.

A plaintiff is entitled to recover compensation for an injury that was legally caused by the negligent conduct of a defendant. In this case, the plaintiff has the burden of proving:

1. That the defendant was negligent; and

2. That the negligence was a legal cause of injury to the plaintiff.

A negligence claim requires proof of the following elements:

1. A duty of care owed by the defendant to the plaintiff;

2. Conduct by the defendant falling below the standard of care amounting to a breach of that duty;

3. An injury or loss;

4. Causation in fact;

5. Proximate or legal cause.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 3.01 (revised according to Comment to Instruction Nos. 3.01, 10.02).)

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

*AbbVie's Proposed Preliminary Jury Instruction No. 4:*

## NEGLIGENCE—ADEQUACY OF WARNING

The plaintiff claims that defendant negligently failed to provide adequate warnings of the risk of its products.

A supplier who knows or reasonably should know that a product is likely to be dangerous for its intended use or foreseeable misuse has a duty to use reasonable care to warn of the product's danger or to reveal its unsafe condition. The failure to fulfill this duty is negligence.

Warnings should be given to the physician, and not the consumer.

In order to recover for failure to warn, a plaintiff must show:

1. That the defendant failed to warn the physician of a risk associated with the use of the product not otherwise known to the physician; and

2. That the failure to warn the physician was both a cause in fact and legal cause of the plaintiff's injury.

Once a warning has been given to the prescribing doctor it is for the doctor to use her or his judgment in weighing the relative benefits and risks of the drug for the particular patient. If you find that adequate warning was not given, but that the prescribing doctor would have treated the plaintiff the same even with adequate warning, then the plaintiff has failed to meet his or her burden of proof on causation.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 10.12 (revised according to Comment to Instruction No. 10.02).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

*Plaintiffs' Proposed Preliminary Jury Instruction No. 6:*

*Causation*

To be a cause in fact, Mr. and Mrs. Konrad must prove, by a preponderance of the evidence,

that AbbVie's conduct and/or its product, AndroGel, directly contributed to Mr. Konrad's injury

and without it his injury would not have occurred. It is not necessary that AbbVie's act and/or its product AndroGel be the sole cause of Mr. Konrad's injury, only that it be a cause.

To be a legal cause, Mr. and Mrs. Konrad must prove, by a preponderance of the evidence that AbbVie's conduct and/or its product, AndroGel, was a substantial factor in bringing about Mr. Konrad's injury, and Mr. Konrad's injury could have been reasonably foreseen or anticipated by a person of ordinary intelligence and care. To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one the nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

*Source*: T.P.I. – CIVIL § 3.21 Cause in Fact (modified); T.P.I. – CIVIL § 3.22 Legal Cause (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**AbbVie's Proposed Preliminary Jury Instruction No. 5:**

### CAUSATION

A negligence claim requires proof of two types of causation: Cause in fact and legal cause are distinct elements of a negligence claim and both must be proven by the plaintiff by a preponderance of the evidence.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 3.20.

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

*AbbVie's Proposed Preliminary Jury Instruction No. 6:*

## CAUSE IN FACT

The defendant's negligent conduct is a cause in fact of the plaintiff's injury if, as a factual matter, it directly contributed to the plaintiff's injury and without it the plaintiff's injury would not have occurred.  It is not necessary that the defendant's act be the sole cause of the plaintiff's injury, only that it be a cause.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 3.21.

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

*AbbVie's Proposed Preliminary Jury Instruction No. 7:*

## LEGAL CAUSE

Once you have determined that a defendant's negligence is a cause in fact of the plaintiff's injury, you must decide whether the defendant's negligence was also a legal cause of the plaintiff's injury.

The law in Tennessee sets out two requirements to determine whether an act or omission was a legal cause of the injury or damage.

1.  The conduct must have been a substantial factor in bringing about the harm to be complained of; and,

2.  The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and care.

To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one the nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

The foreseeability requirement does not require the person guilty of negligence to foresee the exact manner in which the injury takes place or the exact person who would be injured.  It is enough that the person guilty of negligence could foresee, or through the use of reasonable care, should have foreseen the general manner in which the injury or damage occurred.

The defendant's conduct must be judged in the light of possibilities apparent to it at the time, and not by looking backward "with the wisdom born of the event."  The standard is one of conduct,

rather than consequences. It is not enough that everyone can see now that the risk was great, if it was not apparent when the conduct occurred.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 3.22 (revised according to Comment to Instruction No. 3.22).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 7:**

*Misrepresentation*

Mr. Konrad has also made a claim of misrepresentation. In order to establish this claim,

Mr. Konrad must prove the following by a preponderance of the evidence:

a.  Defendant's business included selling the product;

b.  The defendant represented that the product was of a certain quality or character or would perform a certain task;

c.  This representation was not merely opinion and was made to the general public or to those expected to use the product;

d.  The representation was not true;

e.  The plaintiff knew of the representation but did not know it was untrue;

f.  The plaintiff justifiably relied on the representation by using the product consistent with the representation; and

g.  Plaintiff's reliance on the representation was a substantial factor in causing plaintiff's damages.

If the plaintiff proves all of the above factors, the plaintiff has established the defendant's

fault even though the defendant's misrepresentation was not intentionally or negligently made.

*Source*: T.P.I. – CIVIL § 10.18 Misrepresentation – Products (modified).

12

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**AbbVie's Proposed Preliminary Jury Instruction No. 8:**

## NEGLIGENT MISREPRESENTATION

The plaintiff seeks to recover damages for the alleged negligent misrepresentation of the defendant.  To recover damages for negligent misrepresentation, the plaintiff must prove each of the following elements:

1. The defendant was acting in the course of its business;

2. The defendant negligently supplied false information about AndroGel;

3. The defendant intended the information to guide plaintiff in plaintiff's <u>decisions to purchase and use AndroGel</u>;

4. The plaintiff justifiably relied upon the false information; and

5. As a result, plaintiff suffered <u>an injury</u>.

Plaintiff may prove that defendant negligently supplied false information by proving that (a) defendant failed to exercise reasonable care or competence in obtaining information about <u>AndroGel</u> or that (b) defendant failed to exercise reasonable care or competence in communicating that information.

A party seeking to recover for negligent misrepresentation must have relied upon the representation.  In other words, the plaintiff would not have purchased and used AndroGel without the representation.  You must determine whether reliance upon the representation substantially influenced the plaintiff's action, even though other influences operated as well.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction Nos. 8.35, 8.36, 8.43 (revised).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

***Plaintiffs' Proposed Preliminary Jury Instruction No. 8:***

*Implied Warranty of Merchantability*

Mr. Konrad has also made a claim for breach of the implied warranty of merchantability. In order to establish this claim, Mr. Konrad must prove of the following by a preponderance of the evidence that AbbVie was a merchant of prescription drugs and that AndroGel (i) was not fit for the ordinary purposes for which such goods are used; (ii) was not adequately contained, packaged, and labeled as the agreement may require; or (iii) did not conform to the promises or affirmations of fact made on the container or label, if any.

*Source*: T.P.I. – CIVIL § 10.31 Implied Warranty of Merchantability (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

***AbbVie's Proposed Preliminary Jury Instruction No. 9:***

### BREACH OF WARRANTY—NOTICE OF BREACH

<u>In this case plaintiff seeks to establish liability on a breach of warranty.</u>  In order to recover for a breach of warranty, the buyer must have given the seller notice of the breach within a reasonable time after the buyer knew or, using reasonable care, should have known of the alleged defect. Determination of a reasonable time depends upon the circumstances and the kind of product involved.

While no particular form of notice is required, it must inform the seller of the alleged breach and the buyer's intent to seek damages.  Whether that notice was given within a reasonable time is for you to determine.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 10.21 (revised according to Instruction No. 10.20).

*Approved*: _____

*Denied*: _____

14

*Modified*: ____

*Withdrawn*: ____

**AbbVie's Proposed Preliminary Jury Instruction No. 10:**

## EXPRESS WARRANTY

An affirmation of fact or promise made by the seller to the buyer that relates to the goods and upon which the buyer relies in making the decision to buy creates an express warranty that the goods shall conform to the affirmation or promise.

A statement that is merely the seller's opinion or commendation of the goods shall not be construed to create a warranty. An opinion is the expression of a conclusion or judgment that does not purport to be based on actual knowledge. To determine whether a particular statement was a statement of fact or merely an expression of opinion, you may consider:

1. The circumstances under which the statement was made;

2. The manner in which the statement was made;

3. The ordinary effect, inference, and implication of the words used;

4. The relationship of the parties, including the history of the relationship; and

5. The subject matter of the statement.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 10.22 (revised).

**AbbVie's Proposed Preliminary Jury Instruction No. 11:**

## IMPLIED WARRANTY OF MERCHANTABILITY

A sale of goods contains an implied warranty that goods are merchantable. This warranty requires that the goods:

Are fit for the ordinary purposes for which such goods are used.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 10.31.

*Approved*: ____

*Denied*: ____

*Modified*: ____

*Withdrawn*: ____

***Plaintiffs' Proposed Preliminary Jury Instruction No. 9:***

*Fraud*

To prove his fraud claim, Mr. Konrad must prove, by a preponderance of the evidence: (i) an intentional misrepresentation of a material fact; (ii) knowledge that the representation was false—that the misrepresentation was made knowingly or recklessly or without belief or regard for its truth; (iii) there was reasonable reliance on the misrepresentation by the plaintiff and resulting damages; and (iv) that the misrepresentation relates to an existing or past fact.

*Source*: *Dog House Investments, LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 916 (Tenn. Ct. App. 2014).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

***AbbVie's Proposed Preliminary Jury Instruction No. 12:***

### INTENTIONAL MISREPRESENTATION

The plaintiff seeks to recover damages for the alleged intentional misrepresentation of the defendant. To recover damages for intentional misrepresentation, the plaintiff must prove each of the following elements:

1. The defendant made a representation of a present or past material fact about AndroGel; and

2. The representation was false; and

3. The defendant knew that the representation was false when it was made; and

4. The defendant intended that the plaintiff rely upon the representation and act or not act in reliance on it; and

5. The plaintiff did not know that the representation was false and was justified in relying upon the truth of the representation; and

16

6. As a result of plaintiff's reliance upon the truth of the representation, the plaintiff purchased and used AndroGel, and sustained damage.

A party seeking to recover for intentional misrepresentation must have relied upon the representation.  In other words, the plaintiff would not have purchased and used AndroGel without the representation.  You must determine whether reliance upon the representation substantially influenced the plaintiff's action, even though other influences operated as well.

Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction Nos. 8.35, 8.36, 8.43 (revised).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**AbbVie's Proposed Preliminary Jury Instruction No. 13:**

### STATUTE OF LIMITATIONS—GENERALLY

The law requires a plaintiff to bring claims, by filing a lawsuit, within a certain period of time or those claims are barred.  This is known as the "statute of limitations."

The defendant contends that the statute of limitations bars all of plaintiff's claims because he filed them too late.  The plaintiff contends that his claims were filed within the time period required by the law.  It will be for you to decide whether the plaintiff's claims are timely, applying the law that I will explain.

Source: Plaintiffs' Proposed Jury Instructions for AstraZeneca Trial, *In re Pharm. Industry Average Wholesale Price Litig.*, No. MDL 1456, 2007 7WL 1699052 (D. Mass. April 6, 2007).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**AbbVie's Proposed Preliminary Jury Instruction No. 14:**

### STATUTE OF LIMITATIONS—PRODUCTS LIABILITY CLAIMS

A plaintiff must bring a products liability action within one year after the date of his or her personal injury.

17

If the plaintiff is not aware of the cause of the injury at the time it occurs, the plaintiff must exercise reasonable care and diligence to discover the potential claim when put on notice that he has suffered an injury. The plaintiff must file within one year after gaining information sufficient to alert a reasonable person of the need to investigate the injury.

Source: Tenn. Code Ann. § 29-28-103; *see also id.* § 28-3-104; *Wyatt* v. *A-Best Co.*, 910 S.W.2d 851, 855 (Tenn. 1996); *Redwing* v. *Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436 (Tenn. 2012).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

*AbbVie's Proposed Preliminary Jury Instruction No. 15:*

## STATUTE OF LIMITATIONS—BREACH OF WARRANTY CLAIMS

A plaintiff must bring a products liability action for breach of warranty (express or implied) within four years after the product was delivered to him. The claim is barred if filed more than four years after the delivery of the product, whether or not the plaintiff knows about the claim.

The statute of limitations begins to run when the product is delivered to the plaintiff.

Source: Tenn. Code Ann. § 28-3-104; *see also id.* § 47-2-725; *In re Vioxx Prod. Liab. Litig.*, No. 05-5545, 2007 WL 3353404, at *4 (E.D. La. Nov. 8, 2007); *State Farm Fire & Cas. Co.* v. *Pentair Filtration, Inc.*, No. 2:10-CV-239, 2011 WL 1307402, at *5 (E.D. Tenn. Apr. 1, 2011).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

*AbbVie's Proposed Preliminary Jury Instruction No. 16:*

## STATUTE OF REPOSE—PRODUCTS LIABILITY ACTIONS

A plaintiff must bring a products liability action within the shorter of six years from the date of injury, ten years from the date the product was first purchased, or one year after the expiration of the anticipated life of the product.

<u>The anticipated life of the product is determined by the expiration date placed on the product by the manufacturer when required by law.</u>

Source: Tenn. Code Ann. § 29-28-103; *see also id.* § 29-28-102(1).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 10:**

*Damages*

If, under the Court's instructions, you find that Mr. and Mrs. Konrad are entitled to damages, then you must award them damages that will reasonably compensate them for claimed loss or harm which has been proved by a preponderance of the evidence, provided you also find it was or will be suffered by them and was legally caused by the act or omission or condition upon which you base your findings of liability. In determining the amount of damages, you should consider the following elements:

     a. **Medical expenses.** Medical expenses are the cost of medical care, services and supplies reasonably required and actually given in the treatment of Mr. Konrad as shown by the evidence, and the present case value of similar services likely to be required in the future;

     b. **Physical pain and mental suffering.** Physical pain and suffering is reasonable compensation for any physical pain and suffering, physical and mental discomfort suffered by Mr. Konrad, and the present cash value for pain and suffering likely to be experienced in the future. Mental suffering includes anguish, grief, shame, or worry.

     c. **Permanent injury.** A permanent injury is an injury that Mr. Konrad must live with for the rest of his life that may result in inconvenience or the loss of physical vigor. Damages for permanent injury may be awarded whether or not it causes any pain or inconvenience.

    **d. Loss of enjoyment of life.** Loss of the enjoyment of life takes into account the loss of the normal enjoyments and pleasures in life in the future as well as any limitations on Mr. Konrad's lifestyle resulting from his injury.

If, under the Court's instructions, you are to determine damages for Mr. Konrad, you should determine the damages for Mrs. Konrad. Jana Konrad would be entitled to recover the following elements of damage if established by the evidence:

    a.  The reasonable value of medical care, services and supplies reasonably required and actually given in the treatment of the spouse;

    b.  Expenses reasonably incurred in attending the spouse in the hospital;

    c.  The reasonable value of the Mr. Konrad's services this Mrs. Konrad has lost and the present cash value of such services plaintiff is reasonably certain to lose in the future; and

    d.  The reasonable value of the spouse's companionship and acts of love and affection Ms. Konrad lost, and the present cash value of such acts Mrs. Konrad is reasonably certain to lose in the future, but would have received in the usual course of the parties' married life.

If, under the Court's instructions, you find that Mr. Konrad has suffered actual damages as a legal result of AbbVie's fault and you have made an award for compensatory damages, you may consider an award of punitive damages. The purpose of punitive damages is not to further compensate the plaintiff but to punish a wrongdoer and deter others from committing similar wrongs in the future. Punitive damages are reserved for egregious conduct. Punitive damages may be considered if, and only if, Mr. Konrad has shown by clear and convincing evidence that AbbVie has acted intentionally, recklessly, maliciously, or fraudulently.

Clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that the defendant's wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

*Source*: T.P.I. – CIVIL § 14.01 Compensatory Damages (modified); T.P.I. – CIVIL § 14.20 Personal Injury – Spouse (modified); T.P.I. – CIVIL § 14.55A Punitive Damages (for cases accruing on or after October 1, 2011) (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

### Plaintiffs' Proposed Preliminary Jury Instruction No. 11:

*Instructions are Preliminary*

What I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix) (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

### Plaintiffs' Proposed Preliminary Jury Instruction No. 12:

*Burden of Proof – Preponderance*

When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence on each issue, the term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true. To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not."

21

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix) (modified); T.P.I.-CIVIL § 2.40 Burden of Proof – Preponderance of the Evidence (modified).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 13:**

*Province of Judge and Jury*

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 14:**

*Evidence in the Case*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 15:**

*Credibility of Witnesses*

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 16:**

*Direct and Circumstantial Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 17:**

*Inferences*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 18:**

*What is Not Evidence; Evidence for Limited Purpose*

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

[Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.] [You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.]

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 19:**

*Rulings on Objections*

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

***Plaintiffs' Proposed Preliminary Jury Instruction No. 20:***

*Bench Conferences*

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury. We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

***Plaintiffs' Proposed Preliminary Jury Instruction No. 21:***

*Note-Taking*

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony. When you leave the courthouse during the trial, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 22:**

*No Transcript Available to Jury*

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

**Plaintiffs' Proposed Preliminary Jury Instruction No. 23:**

*[Questions by Jurors*

You may submit questions to witnesses to clarify their testimony during trial under certain conditions. If you feel the answer to your question would be helpful in understanding this case, you should raise your hand after the lawyers have completed their examinations but before the witness is excused. I will have you write your question and hand it to the clerk. I will then privately confer with the lawyers about the question and make a ruling on whether the law allows the question to be asked of that witness. If the question is of the type that is allowed, I will address the

question to the witness. Please do not directly speak to me, the lawyers, or the witnesses, but carefully follow this procedure if you wish to have a specific question addressed to a witness.]

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

### Plaintiffs' Proposed Preliminary Jury Instruction No. 24:

*Judge's Questions*

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: _____

*Denied*: _____

*Modified*: _____

*Withdrawn*: _____

### Plaintiffs' Proposed Preliminary Jury Instruction No. 25:

*Jury Conduct*

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others to discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

*Source*: 7th Cir. Sample Preliminary Instructions (Appendix).

*Approved*: ____

*Denied*: ____

*Modified*: ____

*Withdrawn*: ____

Date: May 18, 2017                                    Respectfully submitted,

                                                     */s/Christopher A. Seeger*
                                                     Christopher A. Seeger
                                                     David R. Buchanan
                                                     SEEGER WEISS LLP
                                                     77 Water Street
                                                     New York, NY 10005
                                                     Phone: (212) 584-0700
                                                     Fax:      (212) 584-0799
                                                     Email:    cseeger@seegerweiss.com
                                                               dbuchanan@seegerweiss.com

                                                     Matthew P. Teague
                                                     BEASLEY, ALLEN, CROW, METHVIN,
                                                     PORTIS & MILES, P.C.
                                                     P.O. Box 4160
                                                     Montgomery, AL 36103-4160
                                                     Tel:      (334) 269-2343

Fax:     (334) 954-7555
Email:   matt.teague@beasleyallen.com

*Counsel for Plaintiffs Jeffrey Konrad and Jana Konrad*

*/s/ Michelle Hart Yeary*
Michelle Hart Yeary
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, NJ 08540-6531
Tel:     (609) 955-3200
Fax:    (609) 955-3259
Email:   michelle.yeary@dechert.com

Hope S. Freiwald
Friedrich-Wilhelm W. Sachse
DECHERT LLP
2929 Arch St., Cira Centre
Philadelphia, PA 19104-2808
Tel:     (215) 994-4000
Fax:    (215) 665-4000
Email:   hope.freiwald@dechert.com
           will.sachse@dechert.com

Nathan Hoffman
DECHERT LLP
35 W. Wacker Dr., Suite 3400
Chicago, IL 60601-1608
Tel:     (312) 646-5800
Fax:    (312) 646-5858
Email:   nathan.hoffman@dechert.com

*Counsel for Defendants AbbVie Inc. and Abbott Laboratories*

David M. Bernick
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:     (212) 373-3000
Fax:    (212) 757-3990
Email:   dbernick@paulweiss.com

*Counsel for Defendant AbbVie Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2017, I electronically transmitted a true and exact copy of the foregoing document, to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all attorneys of record who are ECF registrants.


*/s/ Brendan A. Smith*
Brendan A. Smith
SIMMONS HANLY CONROY
One Court Street
Alton, Illinois 62002
618.259.2222
bsmith@simmonsfirm.com