**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 <br><br> Master Docket Case No. 1:14-cv-01748 <br><br> Honorable Matthew F. Kennelly |
| This document relates to: <br> *Konrad v. AbbVie Inc.*, No. 1:15-cv-00966 <br> *Mitchell v. AbbVie Inc.*, No. 1:14-cv-09178 | |

**PLAINTIFFS' PROFFER OF PERCIPIENT TESTIMONY
OF CERTAIN EXPERTS DESIGNATED BY ABBVIE**

**I.     Introduction**

Pursuant to the Court's request at the Final Pretrial Conference held in the above-captioned actions on May 25, 2017, Plaintiffs' hereby submit this proffer regarding the portions of deposition testimony to be presented by Plaintiffs with respect to two doctors, Adrian Dobs, M.D., M.H. and Martin Miner, M.D., who were designated as case-specific experts by Defendants AbbVie Inc. and Abbott Laboratories (collectively, "AbbVie").[1] Plaintiffs' designations, which have been previously shared with AbbVie during the pre-trial meet and confer process, are attached hereto as Exhibit A, with respect to Dr. Dobs, and as Exhibit B, with respect to Dr. Miner.[2] Dr. Dobs is an endocrinologist and Dr. Miner is family physician, and both are long-time prescribers

---

[1] AbbVie's Omnibus Motion in Limine incorrectly states that Plaintiffs listed three of their experts (Dr. Adrian Dobs, Dr. Mohit Khera and Dr. Martin Miner) in their witness list, *see* Defs' Mot. at 25 (Dkt. No. 1915), but Plaintiffs' witness list attached to the Final Pretrial Order does not include Dr. Khera,  *See* Schedule A attached to the Final Pretrial Orders in *Konrad* (Dkt. No. 1916-1) and *Mitchell* (Dkt. No. 1917-1).

[2] While Dr. Dobs was designated as a case-specific expert by AbbVie solely in the *Cribbs* bellwether case (dismissed after the Court granted AbbVie's motion for summary judgment in that case, *see* CMO No. 46 at 56-57, Dkt. No. 1895), and Dr. Miner was designated as a case-specific expert by AbbVie in both the *Konrad* and *Mitchell* actions, the deposition designations attached hereto relate to testimony by Dr. Dobs and Dr. Miner regarding their personal knowledge of events pertaining to these cases.  *See* Exs. A & B.

1

of testosterone products and long-time consultants (so-called "key opinion leaders" or "outside thought leaders") for AbbVie, its predecessor manufacturers of AndroGel and other manufacturers of prescription testosterone products. Neither Dr. Dobs nor Dr. Miner are purely experts for purposes of disclosure under Fed. R. Civ. P. 26(a)(2). They both had knowledge about first-hand, percipient facts regarding several fact issues in dispute.

## II.     Proffered Testimony of Adrian S. Dobs. M.D., M.H.[3]

As demonstrated in Exhibit A hereto, Dr. Dobs' proffered testimony relates to the following, among other topics:

- Her extensive experience working with the manufacturer of AndroGel since approximately 1998, and other manufacturers of testosterone products. *See, e.g.*, Ex. A at 11:17-24, 28:03-10, 28:14-19, 29:24-30:03, 30:06-10, 30:13-17, 31:05-10, 31:12, 34:09-10, 55:02-15, 55:18-24, 56:01-06, 60:08-24, 61:01, 6:04-23, 62:23-24, 63:01-02, 63:05-23, 64:02-07, 65:17:21, 66:22-67:03, 67:06-07, 109:05-17, 109:20-21, 110:2-21, 111:01-07, 114:02-18, 121:04-15, 121:18.

- Her involvement with the Institutes of Medicine and its request for cardiovascular safety testing in 2004. *See, e.g.*, Ex. A at 224:16-225:04, 225:14-226:20, 228:09-19, 228:22-229:07, 229:10-14, 229:16-230:08, 248:20-249:09, 249:16-250:01, 250:03-16, 250:19-23.

- Her testimony on behalf of industry at the FDA's September 2014 Advisory Committee regarding prescription testosterone products. *See, e.g.*, Ex. A at 85:13-86:11, 86:15-19, 86:21-24.

---

[3] As the Court may recall from the briefing submitted by the parties and Dr. Dobs in connection with the PSC's motion to compel production of documents from her, she has extensive involvement with AndroGel. *See* Pls' Mot. to Compel dated Jan. 31, 2017 (Dkt. No. 1700); AbbVie's Opp. dated Feb. 8, 2017 (Dkt. No. 1703); Pls' Reply dated Feb. 13, 2017 (Dkt. No. 1715); Dr. Dobs' Opp. dated Feb. 13, 2017 (Dkt. No. 1720); Order granting in part Plaintiffs' motion to compel dated Feb. 17, 2017 at 1 (Dkt. No. 1733) ("MTC Order").  The Court's ruling was based, in part, on "Dr. Dobs's dual status as a fact witness and a testifying expert witness for AbbVie as well as the fact that when plaintiffs received Dr. Dobs's objections to their subpoena, they were unaware that Dr. Dobs had already begun work in connection with her engagement as an expert for AbbVie." *See* MTC Order at 1. As the Court may recall, the Plaintiffs agreed to proceed with Dr. Dobs' deposition during the pendency of the motion to compel and before receiving her production of documents.

2

- Her involvement with the cardiovascular safety clinical trial requested by the FDA after the 2014 Advisory Committee. *See, e.g.*, Ex. A at 122:17-123:14, 130:10-131:17, 131:20-24, 132:01-14, 265:04-09, 265:12-13.

- Her involvement in and knowledge of marketing efforts by AbbVie and its predecessors. *See, e.g.*, Ex. A at 85:02:09, 91:15-21, 92:01-06, 92:10-24, 97:02-12, 97-17, 98:02, 182:16-19, 183:12-14, 183:17-21, 183:23-184:02, 184:06-11, 185:13-24, 187:15-17, 187:20-22, 187:24-189:16, 189:24-190:03, 190:06-22, 190:24-192:01, 192:20-22, 193:02, 193:05-21, 194:01-03, 205:16-206:02, 206:06-17, 206:20, 206:22-207:02, 207:05-08, 207:10-12, 207:16-18, 207:20-21, 207:24-208:19, 215:04-22, 216:02-11, 216:14:20, 218:07-14, 218:18, 232:14-19, 232:23-233:11, 233:15-234:03, 235:07-16, 235:21-236:22, 237:03-17, 238:17, 238:20-23, 239:06-240:01, 240:04-24, 241:02-07, 241:10, 244:22-245:01, 245:05, 245:07-11, 245:15-246:03, 246:05-10, 246:14-24, 247:02-10, 247:12-14, 248:07-17, 279:08-21

- Her knowledge about the Endocrine Society's practice guidelines and involvement with the Endocrine Society's Andropause Consensus conferences. *See, e.g.*, Dobs. Dep. Tr. at 194:04-08, 194:14:22, 195:02-196:10, 196:20-197:06, 197:09, 198:16-18, 217:09-218:06.

- Her attempt to obtain a research grant from AbbVie. *See, e.g.*, Dobs. Dep. Tr. at 251:08-21, 252:05-254:04, 254:14-22, 255:01-256:12, 256:15-22, 257:01-03.

- Her knowledge regarding the termination of the Basaria study. *See, e.g.*, Dobs. Dep. Tr. at 284:18-21, 284:24, 285:01-06, 285:01-06, 285:08-21, 287:01-06.

- Her involvement with AbbVie's clinical trials. *See, e.g.*, Dobs. Dep. Tr. at 293:07-24, 294:04-295:02, 295:05-06, 295:08-11, 295:14-15, 337:18-338:01, 338:04.

### III. Proffered Testimony of Martin Miner, M.D.

Dr. Miner is a family physician and a co-director of the Men's Health Center at Brown University, but he has worked for AbbVie and its predecessors as a consultant since approximately 2004 or 2005. Like Dr. Dobs, the PSC was aware of Dr. Miner's importance to the issues in this case and served him with a subpoena on May 2, 2106 (attached as Exhibit C hereto) long before expert disclosures were made by AbbVie on December 6, 2016. AbbVie cannot contend that it was somehow surprised by Plaintiffs' focus on Dr. Dobs or Dr. Miner as fact witnesses. Dr. Miner served objections to the subpoena on June 30, 2016 (attached as Exhibit D hereto), and like Dr. Dobs, he falsely stated repeatedly that he was not a retained expert in this case. *See, e.g.*, Ex. D at

3

1 ("***Dr. Miner objects to the Subpoena because it seeks documents, information and communications constituting the opinions of an expert who has not been retained in this case***."); at 2-5, 7. The PSC and Dr. Miner's attorney engaged in an extensive meet-and-confer process that went on for many months. *See* Email chain dated June 30, 2016 to September 7, 2016 (attached as Exhibit E hereto).

The statement of compensation prepared in connection with his expert report (attached hereto as Exhibit F), which was sent to the PSC on February 8, 2017, almost a month after his deposition, states that Dr. Miner worked on his expert report as early as August 2015, contradicting his objections to the PSC's subpoena, severed in June 2016, which repeatedly stated that he was not an expert witness in this litigation. Like Dr. Dobs, Dr. Miner used the fact that he was not an expert witness as the basis for not producing documents responsive to the bulk of the PSC's document requests, and foreclosing a deposition before AbbVie's request for a fact discovery cutoff.[4]

As demonstrated in Exhibit B hereto, Dr. Miner's proffered testimony relates to the following, among other topics:

- His involvement as a consultant for the manufacturer of AndroGel since approximately 2004 or 2005, and his involvement as a consultant for other manufacturers of prescription testosterone products. *See, e.g.*, Ex. B at Miner Dep. Tr. at 38:14-19, 38:22-40:09, 43:23-44:10.

- His testimony regarding compensation by industry of doctors who developed the Endocrine Society guidelines. *See, e.g.*, Ex. B at 53:08-53:14, 53:17-24, 54:03-04, 463:04-18.

---

[4] As the Court may recall, AbbVie's request for a fact discovery cutoff was made in late November 2016. The parties submitted simultaneous submissions on the issue on November 23, 2016, and the Court entered CMO No. 36 on the same day. In response to AbbVie's request for the cutoff, the PSC, in an effort to prioritize its discovery efforts, did not include Dr. Dobs or Dr. Miner in its submission on November 23, 2016 (Dkt. No.1616). Accordingly, neither Dr. Dobs nor Dr. Miner are listed among the nonparties in Paragraph 2 of CMO No. 36. AbbVie, Dr. Dobs and Dr. Miner, however, kept the PSC in the dark regarding their involvement as expert witnesses until December 6, 2016. Dr. Miner was deposed on January 12, 2017 and Dr. Dobs was deposed on February 2, 2017. To suggest that the PSC should have noticed a deposition for these witnesses any sooner ignores the procedural history of this litigation and AbbVie's last-minute request for a fact discovery deadline.

- His description of his clinic and practice. *See, e.g.*, Ex. B at 76:21-77:03, 77:06-78:09, 78:12-17, 78:20-29:03, 79:06-79:03, 79:06-79:20, 79:23-80:03, 80:06-80:14.

- His knowledge regarding advertising of "Low-T." *See, e.g.*, Ex. B at 81:04-05, 81:08-82:03.

- His knowledge regarding purportedly normal blood-serum levels for testosterone. *See, e.g.*, Ex. B at 137:06-10, 137:13-21, 137:24-138:21, 139:01-08, 139:11-140:23, 141:02-03, 141:06-08.

- His involvement with the Androgen Study Group, which wrote to the FDA and opposed a petition for a "black box" warning in the label for prescription testosterone products regarding cardiovascular risk, and its membership, practices of its members and compensation of members by industry. *See, e.g.*, Ex. B at 148:16-22, 153:15-155:15, 156:01-157:19, 157:22-158:22, 159:22-161:15, 161:18-162:02, 162:05-11, 162:14-164:05, 182:15-183:15, 183:18, 462:08-21, 463:19-23, 464:02, 466:08-18, 468:13-469:19.

## IV. Plaintiffs may use the Depositions at Trial

Plaintiffs satisfy the requirements of Rule 32 and may use "all or part of a deposition" against AbbVie at trial because (i) AbbVie had notice of the depositions and was represented at the taking of the deposition; (ii) the designated testimony would be admissible under the Federal Rules of Evidence if the deponent were present and testifying at trial; and (iii) both Dr. Dobs and Dr. Miner are "unavailable" for purposes of Rule 32(a)(4)(B) & (D). These witnesses reside and work, respectively, in Baltimore, Maryland and Providence, Rhode Island, which are both more than 100 miles from the place of trial in Chicago, Illinois, and the Plaintiffs did not procure their absence. *See* Fed. R. Civ. P. 32(a)(4)(B); *see also* Fed. R. Civ. P. 45(c)(1)(A) (noting that a party may command an appearance at trial pursuant to a subpoena within 100 miles of where the person resides, is employed, or regularly transacts business in person). Plaintiffs do not control these witnesses.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court denies AbbVie's motion in limine with respect to the proffered testimony of Dr. Dobs and Dr. Miner.

DATED: May 27, 2017                                    Respectfully submitted,

*/s/Christopher A. Seeger*
Christopher A. Seeger
David R. Buchanan
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax:   (212) 584-0799
Email:   cseeger@seegerweiss.com
         dbuchanan@seegerweiss.com

Matthew P. Teague
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
Tel:   (334) 269-2343
Fax:   (334) 954-7555
Email: matt.teague@beasleyallen.com

*Counsel for Plaintiffs Jeffrey Konrad and Jana Konrad*

*/s/Troy Rafferty*
Troy Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen St.
Pensacola, FL 32502
(850) 435-7163
trafferty@levinlaw.com

Bill Robins III
ROBINS CLOUD LLP
808 Wilshire, Suite 450
Santa Monica, California
Tel: (310) 929-4200
Fax: (310) 566-5900
Email: robins@robinscloud.com

6

David J. Diamond
GOLDBERG & OSBORNE
33 North Stone, Suite 900
Tucson, Arizona 85701
Tel:   (520) 620-3975
sEmail:
ddiamond@goldbergandosborne.com

*Counsel for Plaintiffs Jesse Mitchell and Kimberly Mitchell*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2017, the foregoing Plaintiffs' Proffer of Percipient Testimony of Certain Experts Designated by AbbVie was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Brendan Smith*
Brendan Smith
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: bsmith@simmonsfirm.com