# EXHIBIT A TO
## AMENDED JOINT SUBMISSION OF PROPOSED PRELIMINARY JURY INSTRUCTIONS

| *Plaintiffs' Proposed Preliminary Jury Instruction No. 1:* | *Defendants' Proposed Preliminary Jury Instruction No. 1:* |
|---|---|
| When I refer to AbbVie, I am referring to all of the manufacturers and sellers of AndroGel in the United States. Among other names you may hear during the trial are those of Unimed Pharmaceuticals, Inc., which is the company that first developed AndroGel for sale in the United States, Solvay Pharmaceuticals, Inc., which is a company that acquired Unimed Pharmaceuticals and sold AndroGel from 2000 until 2010, when Solvay Pharmaceuticals was, in turn, acquired by Abbott Laboratories, which spun off certain of its businesses to create AbbVie in 2013. However, for purposes of this trial AbbVie is legally responsible for the acts and omissions of these predecessor companies and at all times for the product AndroGel. | *AbbVie objects to Plaintiffs' Proposed Preliminary Jury Instruction No. 1* |

| *Plaintiffs' Proposed Preliminary Jury Instruction No. 2:* *Role of Federal Food and Drug Administration (FDA)* | *Defendants' Proposed Preliminary Jury Instruction No. 2:* *AbbVie Proposed FDA Instruction To Be Supplemented* |
|---|---|
| AndroGel is a prescription drug regulated by the Food and Drug Administration ("FDA"). Under FDA regulations, a manufacturer bears responsibility for the content of its label at all times. The manufacturer is charged both with crafting an adequate label and with ensuring that its warnings remain adequate for as long as the drug is on the market.<br><br>A drug manufacturer can unilaterally add or strengthen a warning, precaution, contraindication, or adverse reaction for its products without prior FDA approval. In that regard, a manufacturer is required to revise its label to include a warning as soon as there is reasonable evidence of a causal association of a serious hazard with its drug; a causal relationship need not have been definitely established before a manufacturer is required to change its warnings. Changes to a product's warnings by a drug manufacturer can be initiated on the basis of newly acquired information, or on the basis of new analyses of earlier information. Risk information accumulates over time and that same data may take on a different meaning in light of subsequent developments. In considering the information available to AbbVie, you may properly consider what was known, or what should have been known, about the risks of AndroGel.<br>*Source: Wyeth v. Levine*, 555 U.S. 555 (2009); 21 CFR § 201.80(e); 21 CFR §314.80. | |

2

| *Plaintiffs' Proposed Preliminary Jury Instruction No. 3:* <br> *Strict Liability* <br><br> Mr. Konrad has made a claim of strict liability. In order to establish this claim, Mr. Konrad must prove the following elements by a preponderance of the evidence: <br>     a. AbbVie was engaged in the business of selling AndroGel; <br>     b. The product was unreasonably dangerous; <br>     c. The product was expected to and did reach Mr. Konrad without substantial change in its condition in which it was sold; and <br>     d. The product was a cause in fact and legal cause of harm to Mr. Konrad. <br><br> A product is unreasonably dangerous if it is more dangerous than would be reasonably expected by the ordinary consumer or would not be offered for sale by a reasonably careful manufacturer or seller who knew of its dangerous condition at the time it left the control of the manufacturer or seller. An ordinary consumer is a consumer who purchases or uses the product with the ordinary knowledge common to the community as to its characteristics. <br><br> Where proper instructions for use and an adequate warning of hazards are given, the manufacturer or seller may reasonably assume that they will be read and followed. Thus, a product is not unreasonably dangerous, if: <br>     a.   The manufacturer or seller has given proper instructions for the use of a product and an adequate warning of the dangers associated with the use or misuse of the product; and <br>     b.   The product is safe for use if the instructions and warning are read and followed. <br><br> Adequate and proper instructions establish procedures for efficient use and for avoiding danger. An adequate warning is one | *Defendants' Proposed Preliminary Jury Instruction No. 3:* <br> *Strict Liability* <br><br> Mr. Konrad has made a claim of strict liability. In order to establish this claim, Mr. Konrad must prove the following elements by a preponderance of the evidence: <br>     a. AbbVie was engaged in the business of selling AndroGel; <br>     b. The product was in a defective condition or was unreasonably dangerous; <br>     c. The product was expected to and did reach Mr. Konrad without substantial change in its condition in which it was sold; and <br>     d. The product was a cause in fact and legal cause of Mr. Konrad's heart attack. <br><br> A product is unreasonably dangerous if it is more dangerous than would be reasonably expected by the ordinary consumer or would not be offered for sale by a reasonably careful manufacturer or seller who knew of its dangerous condition at the time it left the control of the manufacturer or seller. An ordinary consumer is a consumer who purchases or uses the product with the ordinary knowledge common to the community as to its characteristics. <br><br> Where proper instructions for use and an adequate warning of hazards are given, the manufacturer or seller may reasonably assume that they will be read and followed. Thus, a product is not in a defective condition, nor is it unreasonably dangerous, if: <br>     a.   The manufacturer or seller has given proper instructions for the use of a product and an adequate warning of the dangers associated with the use or misuse of the product; and <br>     b.   The product is safe for use if the instructions and warning are read and followed. |

| | |
|---|---|
| calculated to call to the attention of a reasonably careful prescribing physician the nature and extent of the danger involved in using or misusing the product.<br><br>     In preparing instructions and warnings, manufacturers and sellers must take into account, among other things, the intended or reasonably expected prescribing physician of the product. Where a danger or hazard is apparent to the ordinary prescribing physician, a product is not unreasonably dangerous even if no warning is given.<br><br>*Source*: Committee on Pattern Jury Instructions (Civil) of the Tennessee Judicial Conference, *Tennessee Pattern Jury Instructions, Civil* §10.01 Strict Liability and §10.02 Strict Liability-Adequacy of Warning (16th ed. Sept. 2016) ("T.P.I. – CIVIL") (modified). |      All drugs have risks. AbbVie has a duty to warn of those risks that were known or reasonably could have been known to AbbVie at the time of Mr. Konrad's AndroGel prescriptions, and for which there was reasonable evidence of a causal association at the time. Because AndroGel is available only with a prescription from a physician, AbbVie's duty is to provide adequate warnings to the physician, not to the consumer. The warnings that Mr. Konrad claims should have been given in this case must relate to the claimed defect.<br>     To recover for failure to warn, a plaintiff must show:<br>1. That AbbVie failed to warn the physician of a risk associated with the use of the product not otherwise known to the physician, and for which there is reasonable evidence of a causal association; and<br>2. That the failure to warn the physician was both a cause in fact and legal cause of Mr. Konrad's heart attack.<br>An adequate warning is one calculated to call to the attention of a reasonably careful prescribing physician the nature and extent of the danger involved in using or misusing the product. Once an adequate warning has been given, it is for the prescribing doctor to use her or his medical judgment in weighing the relative benefits and risks of the drug for the particular patient. Where a danger or hazard is apparent to the ordinary prescribing physician, a product is not unreasonably dangerous even if no warning is given.<br>     If you find that adequate warning was not given, but that the prescribing doctor would have treated the plaintiff the same even with adequate warning, then the plaintiff has failed to meet his burden of proof on causation. Similarly, a warning is adequate if an ordinary physician would understand any associated risks or potential ramifications of the warned-of condition. |

4

|  | Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction Nos. 10.01 and 10.02 (revised according to Comment to Instruction No. 10.02). |
|---|---|

| *Plaintiffs' Proposed Preliminary Jury Instruction No. 4:* <br> *Negligence* | *Defendants' Proposed Preliminary Jury Instruction No. 4:* <br> *Negligence* |
|---|---|
| Mr. Konrad has also made a claim for negligence against AbbVie. Negligence is the failure to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under all the circumstances of the case. This claim requires Mr. Konrad to prove each of the following by a preponderance of the evidence: <br> a. a duty of care owed by defendant to plaintiff; <br> b. conduct by the defendant below the applicable standard of care that amounts to a breach of that duty; <br> c. an injury or loss; <br> d. cause in fact; and <br> e. legal cause. <br> The manufacturer or seller of a product has a duty to use reasonable care in testing the product so that the product may be safely used in the manner and for the purpose for which it was sold. The failure to fulfill that duty is negligence. <br> A manufacturer or seller who knows or reasonably should know that a product is likely to be dangerous for its intended use or foreseeable misuse has a duty to use reasonable care to warn of the product's danger or to reveal its unsafe condition. Warning should be given to those physicians whom the manufacturer or seller should reasonably expect to prescribe the product, if the manufacturer or seller should reasonably believe those persons would not realize the danger without the warnings. The failure to fulfill this duty is negligence. <br> *Source*: *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (negligence); T.P.I. – CIVIL § 3.01 Determination of Whether Plaintiff Entitled Recover a Verdict (No Issue of Comparative Fault) (modified); T.P.I. – CIVIL § 3.05 Definition | Mr. Konrad has also made a claim for negligence against AbbVie. Negligence is the failure to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under all the circumstances of the case. This claim requires Mr. Konrad to prove each of the following by a preponderance of the evidence: <br> a. a duty of care owed by defendant to plaintiff; <br> b. conduct by the defendant below the applicable standard of care that amounts to a breach of that duty; <br> c. an injury or loss; <br> d. cause in fact; and <br> e. legal cause. <br> A manufacturer or seller who knows or reasonably should know, based on reasonable evidence of a causal association, that a product is likely to be dangerous for its intended use or foreseeable misuse has a duty to use reasonable care to warn of the product's danger or to reveal its unsafe condition. <br> To recover for negligent failure to warn, a plaintiff must show: <br> 1. That the defendant failed to warn the physician of a risk associated with the use of the product not otherwise known to the physician, and for which there is reasonable evidence of a causal association; and <br> 2. That the failure to warn the physician was both a cause in fact and legal cause of the plaintiff's injury. <br> AbbVie has a duty to warn of those risks that were known or reasonably could have been known to AbbVie at the time of Mr. Konrad's AndroGel prescriptions, and for which there was reasonable evidence of a causal association at the time. The warnings that Mr. Konrad claims should have been given in this |

| | |
|---|---|
| of Negligence (modified); T.P.I. – CIVIL § 10.10 Manufacturer's Duty of Care (modified); T.P.I. – CIVIL § 10.12 Supplier's Duty to Warn (modified). | case must relate to the claimed defect. If you find that adequate warning was not given, but that the prescribing doctor would have treated the plaintiff the same even with adequate warning, then the plaintiff has failed to meet his or her burden of proof on causation. Similarly, a warning is adequate if an ordinary physician would understand any associated risks or potential ramifications of the warned-of condition.<br><br>  Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction No. 10.12 (revised according to Comment to Instruction No. 10.02). |

| *Plaintiffs' Proposed Preliminary Jury Instruction No. 5:* *Causation* | *Defendants' Proposed Preliminary Jury Instruction No. 5:* *Causation* |
|---|---|
| To be a cause in fact, Mr. and Mrs. Konrad must prove, by a preponderance of the evidence, that AbbVie's conduct and/or its product, AndroGel, directly contributed to Mr. Konrad's injury and without it his injury would not have occurred. It is not necessary that AbbVie's act(s) and/or its product AndroGel be the sole cause of Mr. Konrad's injury, only that it be a cause.<br><br>To be a legal cause, Mr. and Mrs. Konrad must prove by a preponderance of the evidence that AbbVie's conduct and/or its product, AndroGel, was a substantial factor in bringing about Mr. Konrad's injury, and Mr. Konrad's injury could have been reasonably foreseen or anticipated by a person of ordinary intelligence and care. To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one the nearest to the injury, so long as it is a substantial factor in producing the injury or damage.<br>*Source*: T.P.I. – CIVIL § 3.21 Cause in Fact (modified); T.P.I. – CIVIL § 3.22 Legal Cause (modified).<br>*Approved*: ____<br>*Denied*: ____<br>*Modified*: ____<br>*Withdrawn*: ____ | Mr. Konrad's claims require proof of two types of causation: Cause in fact and legal cause are distinct elements of Mr. Konrad's claims, and both must be proven by him by a preponderance of the evidence.<br><br>To be a cause in fact, Mr. and Mrs. Konrad must prove, by a preponderance of the evidence, that negligent conduct or a defective or unreasonably dangerous product directly contributed to Mr. Konrad's heart attack and without it his heart attack would not have occurred. It is not necessary that negligent conduct or a defective or unreasonably dangerous product be the sole cause of Mr. Konrad's injury, only that it be a cause.<br><br>The law in Tennessee sets out two requirements to determine whether an act or omission was a legal cause of the injury or damage.<br>1. The conduct must have been a substantial factor in bringing about the harm to be complained of; and,<br>2. The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and care.<br><br>To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one the nearest to the injury, so long as it is a substantial factor in producing the injury or damage.<br><br>The foreseeability requirement does not require the person guilty of negligence to foresee the exact manner in which the injury takes place or the exact person who would be injured. It is enough that the person guilty of negligence could foresee, or through the use of reasonable care, should have foreseen the general manner in which the injury or damage occurred.<br><br>The defendant's conduct must be judged in the light of the reasonable evidence of a causal association apparent to it at |

8

|  | the time, and not by looking backward "with the wisdom born of the event." The standard is one of conduct, rather than consequences. It is not enough that everyone can see now that the risk was great, if it was not apparent when the conduct occurred. <br> Source: Tennessee Pattern Practice Jury Instructions – Civil, Instruction Nos. 3.20, 3.21, 3.22. (revised according to Comment to Instruction No. 3.22). |
|---|---|

| *Plaintiffs' Proposed Preliminary Jury Instruction No. 6:* *Misrepresentation-Products* | *Defendants' Proposed Preliminary Jury Instruction No. 6:* *Misrepresentation-Products* |
|---|---|
| Mr. Konrad has also made a claim of misrepresentation concerning a product. In order to establish this claim, Mr. Konrad must prove the following by a preponderance of the evidence: <br> a. Defendant's business included selling the product; <br> b. The defendant represented that the product was of a certain quality or character or would perform a certain task; <br> c. This representation was not merely opinion and was made to the general public or to those expected to use the product; <br> d. The representation was not true; <br> e. The plaintiff and/or his physician knew of the representation but did not know it was untrue; <br> f. The plaintiff and/or his physician justifiably relied on the representation by using and/or prescribing the product consistent with the representation; and <br> g. Plaintiff's and/or his physician's reliance on the representation was a substantial factor in causing plaintiff's damages. <br> If the plaintiff proves all of the above factors, the plaintiff has established the defendant's fault even though the defendant's misrepresentation was not intentionally or negligently made. <br> *Source*: T.P.I. – CIVIL § 10.18 Misrepresentation – Products (modified). | Mr. Konrad has also made a claim of misrepresentation concerning a product. In order to establish this claim, Mr. Konrad must prove the following by a preponderance of the evidence: <br> a. Defendant's business included selling the product; <br> b. The defendant represented that the product was of a certain quality or character or would perform a certain task; <br> c. This representation was not merely opinion and was made to the general public or to those expected to use the product; <br> d. The representation was not true; <br> e. The plaintiff and his physician knew of the representation but did not know it was untrue; <br> f. The plaintiff and his physician justifiably relied on the representation by using and/or prescribing the product consistent with the representation; and <br> g. Plaintiff's and his physician's reliance on the representation was a substantial factor in causing plaintiff's heart attack. <br> If the plaintiff proves all of the above factors, the plaintiff has established the defendant's fault even though the defendant's misrepresentation was not intentionally or negligently made. <br> *Source*: T.P.I. – CIVIL § 10.18 Misrepresentation – Products (modified). |

| *Plaintiffs' Proposed Preliminary Jury Instruction No. 7:* *Intentional Misrepresentation* | *Defendants' Proposed Preliminary Jury Instruction No. 7:* *Intentional Misrepresentation* |
|---|---|
| Mr. Konrad has also made a claim for intentional misrepresentation. In order to establish this claim, Mr. Konrad must prove the following by a preponderance of the evidence:<br>a. The defendant made a representation of a present or past material fact; and<br>b. The representation was false; and<br>c. The defendant knew that the representation was false when it was made or the defendant made the representation recklessly without knowing whether it was true or false; and<br>d. The defendant intended that the plaintiff and/or his physician rely upon the representation and act or not act in reliance on it; and<br>e. The plaintiff and/or his physician did not know that the representation was false and the plaintiff and/or his physician were justified in relying upon the truth of the representation; and<br>f. As a result of plaintiff's and/or his physician's reliance upon the truth of the representation, the plaintiff sustained damage.<br>*Source*: T.P.I. – CIVIL § 8.36 Intentional Misrepresentation (modified). | Mr. Konrad has also made a claim for intentional misrepresentation. In order to establish this claim, Mr. Konrad must prove the following by a preponderance of the evidence:<br>a. The defendant made a representation of a present or past material fact; and<br>b. The representation was false; and<br>c. The defendant knew that the representation was false when it was made or the defendant made the representation recklessly without knowing whether it was true or false; and<br>d. The defendant intended that the plaintiff and his physician rely upon the representation and act or not act in reliance on it; and<br>e. The plaintiff and his physician did not know that the representation was false and the plaintiff and his physician were justified in relying upon the truth of the representation;<br>f. The plaintiff and his physician justifiably relied on the false representation by using and prescribing the product consistent with the false representation; and<br>g. As a result of plaintiff's and his physician's reliance upon the truth of the representation, the plaintiff sustained his heart attack.<br>*Source*: T.P.I. – CIVIL § 8.36 Intentional Misrepresentation (modified). |

11

| *Plaintiffs' Proposed Preliminary Jury Instruction No. 8:* *Misrepresentation by Concealment* | *Defendants' Proposed Preliminary Jury Instruction No. 8:* *Misrepresentation by Concealment* |
|---|---|
| Mr. Konrad has also made a claim for misrepresentation by concealment. In order to establish this claim, Mr. Konrad must prove the following by a preponderance of the evidence:<br>a. The defendant concealed or suppressed a material fact;<br>b. The defendant was under a duty to disclose the fact to the plaintiff and/or his physician;<br>c. The defendant intentionally concealed or suppressed the fact with the intent to deceive the plaintiff and/or his physician;<br>d. The plaintiff and/or his physician were not aware of the fact and would have acted differently if the plaintiff and/or his physician knew of the concealed or suppressed fact; and<br>e. As a result of the concealment of the fact, the plaintiff sustained damage.<br>*Source*: T.P.I. – CIVIL § 8.36 Intentional Misrepresentation (modified). | Mr. Konrad has also made a claim for misrepresentation by concealment. In order to establish this claim, Mr. Konrad must prove the following by a preponderance of the evidence:<br>a. The defendant concealed or suppressed a material fact;<br>b. The defendant was under a duty to disclose the fact to the plaintiff and his physician;<br>c. The defendant intentionally concealed or suppressed the fact with the intent to deceive the plaintiff and his physician;<br>d. The plaintiff and his physician were not aware of the fact and would have acted differently if the plaintiff and/or his physician knew of the concealed or suppressed material fact; and<br>e. As a result of the concealment of the fact, the plaintiff sustained his heart attack.<br>*Source*: T.P.I. – CIVIL § 8.38 Misrepresentation by Concealment (modified). |

| | |
|---|---|
| ***Plaintiffs' Proposed Preliminary Jury Instruction No. 9:*** *Punitive/Exemplary Damages—Willful and Wanton Conduct* <br>  In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that AbbVie's conduct was fraudulent, intentional, and/or willful and wanton, and proximately caused injury to the plaintiff, and if you believe that justice and the public good require it, you may award an amount of money which will punish AbbVie and discourage it and others from similar conduct. <br>  When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others. <br> *Source*: T.P.I. –Ill. Pattern Jury Instr.-Civ. § 14.01 Willful and Wanton Conduct-Definition; § 35.10 Punitive/Exemplary Damages—Willful and Wanton Conduct. | ***Defendants' Proposed Preliminary Jury Instruction No. 9:*** *AbbVie objects to Plaintiffs' Proposed Preliminary Jury Instruction No. 9* |