**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br>Master Docket Case No. 1:14-cv-01748<br>Honorable Matthew F. Kennelly |
| This document applies to:<br>*Konrad v. AbbVie Inc.*, No. 1:15-cv-00966 | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF BILL OF COSTS**

**I.  INTRODUCTION**

Pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.1, Plaintiff Jeffrey Konrad respectfully submits this memorandum, together with the accompanying Declaration of David R. Buchanan, Esq. (the "Buchanan Decl."), in support of Plaintiff's Bill of Costs, submitted herewith. As stated in the Buchanan Declaration, these costs are correct and were necessarily incurred in this action, and the services for which the fees have been charged were actually and necessarily performed.

On October 5, 2017, the Court entered judgment on Plaintiff's claims for negligence, intentional misrepresentation, and misrepresentation by concealment. (*Konrad* Dkt. No. 112.) Plaintiff was awarded $140,000.00 in compensatory damages and $140,000,000.00 in punitive damages. *Id.* As the prevailing party, Plaintiff is entitled to recover costs from Defendants. *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997).

**II.  LEGAL STANDARD**

Under Rule 54(d)(1), a prevailing party should be granted costs, unless a federal statute, the Federal Rules of Civil Procedure or a court order provide otherwise. Among the costs the Court may tax are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded

1

transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case…." 28 U.S.C. § 1920. The Seventh Circuit recognizes "a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

### III. DISCUSSION

As set forth in the accompanying Bill of Costs and discussed in more detail below, Plaintiff seeks (1) $400 for the filing fee of the complaint; (2) $104,991.70 for depositions and trial transcripts (composed of $67,517.40 for depositions and $37,474.30 for trial transcripts); (3) $3,832.00 for witness fees; and (4) $4,012.80 for copying costs of trial exhibits, for a total amount of $113,236.50. *See* Buchanan Decl. Ex. A (Summary of Costs).

#### A. Fees of the Clerk - 28 U.S.C. § 1920(1)

Plaintiff seeks recovery of the filing fee of the complaint, in the amount of $400. A copy of the receipt for the filing fee is attached as Exhibit B to the Buchanan Declaration. Plaintiff is not seeking amounts incurred in serving the complaint, deposition subpoenas or trial subpoenas.

#### B. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case - 28 U.S.C. § 1920(2)

(1) <u>Deposition Transcripts</u>

Plaintiff seeks $67,517.40 for costs associated with original deposition transcripts, copy deposition transcripts and deposition video costs. *See* Buchanan Decl. Ex. A (Summary of Costs).

(a) *Original Deposition Transcripts*

The costs of deposition transcripts are recoverable if the depositions were "reasonably necessary." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Plaintiff

2

seeks costs related to deposition transcripts of 16 witnesses that testified at trial, as these transcripts were all reasonably necessary to prepare for direct and cross examinations. While there were other depositions that were reasonably necessary for this case, Plaintiff recognizes that, for example, the deposition transcripts used for opposing AbbVie's summary judgment motions were used in a context involving multiple bellwether plaintiffs in this MDL. As set out in the Buchanan Declaration, Plaintiff seeks costs for the following deposition transcripts:

1. James Hynd;[*]
2. Michael Miller;[*]
3. Linda Scarazzini;[*]
4. Steven Wojtanowski;[*]
5. Janet Arrowsmith;[*]
6. William French;[*]
7. Mohit Khera;[*]
8. Laurentius Marais;[*]
9. Hossein Ardehali;[*]
10. David Kessler;[*]
11. Peggy Pence;[*]
12. Jeffrey Konrad;
13. Phillip Cuculich;
14. Steven Todd Overby;
15. Jennifer Morrow; and
16. Jennifer Fields.

Copies of the invoices for these deposition transcripts are attached as Exhibit C to the Buchanan Declaration. Certain deposition costs for witnesses noted with an asterisk (*) were also requested by the prevailing plaintiff in the first bellwether trial in this MDL to reach a jury verdict, *Mitchell v. AbbVie Inc.*, No. 1:14-cv-09178. As discussed further in the Buchanan Declaration, Mr. Konrad is not seeking reimbursement of original transcript costs, transcript copy costs, video costs or attendance fees to the extent that those deposition costs for these witnesses are awarded to Mr. Mitchell. However, Mr. Konrad is seeking attendance fees and other costs associated with trial testimony for certain of these witnesses (Drs. Ardehali, Kessler and Pence, who all testified at both the *Mitchell* and *Konrad* trials). Attached as Exhibit D to the Buchanan Declaration is a

3

revised summary of costs requested by Mr. Konrad in the event such deposition costs are awarded to Mr. Mitchell.

Local Rule 54.1(b) limits deposition transcript costs to the then-prevailing rate that the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed. *See* N.D. Ill. L.R. 54.1(b). During the time discovery was taken in this case, that amount was $3.65 per page for the original transcript at the ordinary delivery schedule (30-Day) and $6.05 per page for the original transcript at the daily delivery schedule. *See id.*; *see also* N.D. Ill. General Order 12-0003 (January 26, 2012).

Additionally, court reporter appearance fees may be awarded in addition to the per-page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court. *See* L.R. 54.1. Court reporter appearance fees may be awarded in addition to the per-page limit, but the fees shall not exceed $110 for one half day (4 hours or less), and $220 for a full day attendance fee. *See Piotrowski v. Menard, Inc.*, No. 13 C 5572, 2016 WL 7157353, at *2 n.1 (N.D. Ill. Dec. 8, 2016). The attendance fee by the court reporter engaged by Plaintiff was $95 per day, which falls below the Court's limit.

However, Plaintiff seeks higher as-billed amounts for six depositions arranged by Defendants. *See Intercontinental Great Brands LLC v. Kellogg N.A. Co.*, No. 13 C 321, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016) (Kennelly, J.) (taxing "the full cost of the deposition transcripts for the depositions that IGB arranged"). Specifically, of the depositions that AbbVie noticed, Plaintiff seeks the full cost of the deposition transcript for six witnesses, composed of four of his experts (Drs. Ardehali, Kessler, Pence and Cuculich), his treating doctor (Dr. Morrow), and his own deposition.

With respect to Plaintiff's depositions of his prescribing doctor (Dr. Overby) and Defendants' experts and employees, no recovery is sought beyond that permitted by N.D. Ill. L.R. 54.1. Plaintiff is not seeking recovery for extra deposition expenses such as Realtime, exhibit scanning, rough drafts, or shipping and handling.

(b) *Deposition Transcript Copies*

Plaintiff seeks costs for copies of deposition transcripts for four expert witnesses, Drs. Arrowsmith, French, Marais, and Kessler. These copies are permitted by N.D. Ill. L.R. 54.1, which provides that "the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel…." N.D. Ill. L.R. 54.1. The Judicial Conference of the United States has set the per-page rate for daily transcript copies at $1.20 per page. *See* N.D. Ill. General Order 12-0003 (January 26, 2012). These copies were necessary to accommodate the coordination of co-counsel and the taking and defending of depositions of experts prior to the expiration of the expert discovery deadline.

(c) *Video Costs*

None of the expert depositions were videotaped, and Plaintiff only seeks video costs for the deposition of three witness, James Hynd, Steven Overby and Jennifer Fields, which were the only video depositions played by Plaintiff at trial. *See* Trial Tr. at 690:11, 1855:6, 1931:16; Buchanan Decl. Ex. A at 2 & Ex. C.

(2) <u>Trial Transcripts</u>

Plaintiff seeks $37,474.30 for 14 days of trial transcripts, including the Realtime feed and daily delivery, which were necessary for the prosecution of this complex bellwether trial. *See* Buchanan Decl. Ex. E. Such costs are properly recoverable. *See* N.D. Ill. L.R. 54.1.

      **C.**     **Fees and disbursements for printing and witnesses - 28 U.S.C. § 1920(3)**

Plaintiff seeks the attendance fee for witnesses that he called live and were not employees of the Defendants. Specifically, Plaintiff seeks costs for per diem attendance fees (at $40 per day), lodging (at $212 per day) and subsistence (at $74 per day) in the amount of $3,832.00 for Drs. Ardehali, Kessler, Pence, and Cuculich for those days on which trial testimony was actually given or when testifying at a deposition. *See* Buchanan Decl. Ex. A at 2, 3 (Summary of Costs). The attendance fee has been calculated at $40.00 per day, pursuant to 28 U.S.C. § 1821(b). Plaintiff also seeks per diem subsistence costs for lodging, meals and incidentals for these witnesses, pursuant to 28 U.S.C. § 1821(c)(4), (d). *See* Buchanan Decl. ¶¶ 11-17. These amounts were calculated for witnesses who live too far to be expected to travel, on a daily basis, to and from their residence while in attendance at the deposition or trial, using the per diem allowance prescribed by the Administrator of General Services, pursuant to 5 U.S.C. § 5702(a), for official travel in the area of attendance by employees of the Federal Government. *See* Buchanan Decl. ¶¶ 11-17 & Ex. F.

      **D.**     **Fees for exemplification and copies of papers necessarily obtained for use in the case - 28 U.S.C. § 1920(4)**

Plaintiff seeks costs in the amount of $4,012.80 for copies of trial exhibits for the *Konrad* trial. Plaintiff made four copies of all documents admitted into evidence (totaling 9,120 pages at $0.11 per page). One copy was for counsel's use at trial with a witness, a second copy was for opposing counsel, the third copy was for the witness, and the final copy was for the jury in the event required during deliberations. *See* Buchanan Decl. ¶¶18-20 & Ex. G.

**IV.**    **CONCLUSION**

For the foregoing reasons, this Court should tax Defendants with the costs enumerated in Plaintiff's Bill of Costs.

Dated: November 3, 2017               Respectfully submitted,

*/s/ David R. Buchanan*
David R. Buchanan
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: dbuchanan@seegerweiss.com

Troy Rafferty
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen St.
Pensacola, FL 32502
(850) 435-7163
trafferty@levinlaw.com

Bill Robins III
ROBINS CLOUD LLP
808 Wilshire, Suite 450
Santa Monica, California
Tel: (310) 929-4200
Fax: (310) 566-5900
Email: robins@robinscloud.com

Matthew P. Teague, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
Tel:     (334) 269-2343
Fax:    (334) 954-7555
Email: matt.teague@beasleyallen.com

*Counsel for Plaintiffs Jeffrey Konrad and Jana Konrad*

Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

7

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

*MDL Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2017, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

*/s/ David R. Buchanan*
David R. Buchanan
